In the Matter of PAUL B. ZUBER, an Attorney, Respondent. WESTCHESTER COUNTY BAR ASSOCIATION, Petitioner.

Second Department, September 8, 1969.

*Alfred D. Fredericks* for petitioner.

*Paul B. Zuber,* respondent in person.

*Per Curiam.* In two separate disciplinary proceedings the petitioner moves (1) to disaffirm the Referee's report in the first proceeding, and (2) to confirm the Referee's report in the second proceeding.

Two petitions charging respondent with professional misconduct were filed by petitioner, one verified May 3, 1967 and the other verified June 25, 1968. The issues raised by the first petition and answer thereto were referred to Mr. Justice WALTER R. HART to hear and report. After hearing, the Referee found and reported that the charges were not established by credible proof. In our opinion, the record supports the findings. Accordingly, the motion to disaffirm is denied, the report is confirmed and the charges are dismissed.

The second petition containing four charges of professional misconduct was referred to Mr. Justice HUGH S. COYLE to hear and report. The petition was based upon the complaints of four former clients of the respondent filed with the petitioner's Committee on Grievances. After hearing, the Referee found and reported that all four charges were supported by the evidence. In our opinion, the findings of the Referee with respect to these charges were fully sustaind by the proof and the Referee's report should in all respects be confirmed. Accordingly, the motion to confirm the report is granted.

The Referee's findings with respect to each of the four charges disclose the following:

(1) On April 14, 1967 respondent received $500 from complainant to represent her in a malpractice action against a dentist; an additional $500 was to be paid on the recovery of damages. Respondent advised complainant that, if the dentist did not answer his claim letter within five days, he would institute an action. On April 15, 1967 respondent wrote a claim letter to the dentist, stating that legal action would be instituted if no answer was received by April 21, 1967. After repeated requests as to the status of her matter, complainant wrote to respondent on May 11, 1967 that his services were terminated and requested (a) the return of the material delivered to respondent; (b) an itemized bill for services rendered; and (c) a check for the difference between the retainer and the bill. On May 24, 1967 respondent wrote to complainant that he had turned over to a process server a summons for service. No proof was offered by respondent that a summons or complaint was ever prepared or issued. Complainant's papers were never returned by respondent. In our opinion, the conclusion of Justice COYLE is fully warranted that the failure of respondent to issue a summons or complaint or to take any

further action with respect to complainant's cause of action since June, 1967 and the failure of respondent to return complainant's papers upon her request constituted professional misconduct.

(2) In April, 1964 the principal of an elementary school in Brooklyn, gave complainant an unsatisfactory rating and submitted a statement of charges against her, which resulted in her discharge and the revocation of her teaching license in June, 1964. On August 4, 1964 and September 16, 1964 complainant paid respondent a total of $500 to institute legal proceedings to reinstate her license and to institute an action for slander and defamation of character against the principal and the Board of Education. At respondent's request, complainant appeared at the Supreme Court, New York County, on three occasions in September, 1964, in the belief that there would be a hearing with respect to her dismissal. Respondent did not appear on any of the three occasions. In October, 1964 respondent and complainant met at the offices of the Board of Education in Brooklyn, at which time respondent advised her that the board's lawyers had suggested that the license be returned, but that the board had refused to do so. Respondent promised court action to effectuate the reinstatement. Respondent did nothing for the next three months. In February, 1965 respondent advised complainant that her license had been returned to her, but, on inquiry, complainant ascertained that such was not the fact. This was later confirmed by respondent. On various occasions between September, 1965 and July, 1966 complainant communicated with respondent, requesting that he advise her of the status of her case. Respondent never answered the communications. In the summer of 1966 complainant filed a complaint against respondent with the Grievance Committee of the Bar Association of the City of New York. On July 23, 1966 respondent wrote to complainant requesting a conference and advising that he would thereafter make a determination as to her libel and slander action. On September 16, 1966 respondent prepared a summons and complaint in a libel and slander action against the principal and the Board of Education, which complaint was verified by complainant and which respondent filed in the Westchester County Clerk's office. On September 13, 1967 the acting principal of another elementary school wrote respondent, advising him that they were anxious to employ complainant as a teacher in a special program and that complainant's employment was contingent upon respondent's immediate response to the letter. Despite repeated requests by complainant so to do, respondent did not telephone the school until September 28, 1967 and did

not send any letter as of October 12, 1967. On these facts, Justice COYLE concluded that respondent was guilty of professional misconduct because of (1) respondent's failure to institute "proper legal proceedings against the Board of Education and the Principal"; (2) respondent's course of conduct with complainant; (3) respondent's failure to institute the action for libel and slander until after the Statute of Limitations had expired and then not until after the Grievance Committee of the Association of the Bar of the City of New York had communicated with him with respect to the complaint received from complainant; and (4) respondent's tardiness and delay in answering the letter of September 13, 1967. In our opinion, the conclusion of Justice COYLE with respect to this charge is fully warranted by the evidence.

(3) On June 5, 1967 and June 8, 1967 complainant paid respondent a total of $500 to institute proceedings for reinstatement as a teacher after complainant's dismissal from that position. About June 26, 1967 respondent advised complainant that the Corporation Counsel was interested in settling the matter, but respondent would not accept a settlement that quickly. In September, 1967 respondent asked complainant to meet him in the Supreme Court, Kings County, on a certain date because a hearing was to be held in complainant's matter. Complainant and respondent met on the appointed date, but the matter was not on the calendar. Respondent advised complainant to meet him in court on a designated date in October, 1967, but the day before respondent telephoned to complainant not to meet him because not all the subpoenas had been served. On six occasions in October, on inquiry by complainant, respondent advised complainant that the Board of Education had admitted guilt and the principal who discharged complainant was "going to have to swim by himself". Complainant then told respondent that he wanted to institute an action for defamation of character against the principal. In December, 1967 respondent advised complainant that the matter would appear on the calendar in early January, 1968. Complainant appeared in court, but respondent did not appear and the matter was not on the calendar. Respondent told complainant that he did not appear because he was sick. Thereafter respondent advised complainant that the matter was on the calendar on a day in mid-January. The matter was not on the calendar on that day. In our opinion, Justice COYLE's conclusion is fully warranted that respondent was guilty of professional misconduct because of his failure to institute legal proceedings on behalf of complainant and because of his conduct in all his

dealings with complainant and particularly with respect to the alleged placement of complainant's matter on the calendar of the Supreme Court, Kings County.

(4) On October 13, 1967 complainant was advised by a third party that a divorce had been granted to complainant's husband in the Second Civil Court of the Bravos Republic of Mexico, State of Chihuahua, Republic of Mexico. About October 26, 1967 complainant paid respondent $500 to obtain information as to the existence and/or validity of the divorce. Respondent alleged that he telephoned three or four districts in Mexico, sent letters to various places, and received two letters stating that there was no record of the divorce. On November 13, 1967 respondent wrote to complainant that he had conducted a full and thorough investigation and that the Clerk of the Second Civil Court of Bravos District certified that no decree of divorce had been issued. An attorney subsequently employed by the complainant ascertained that a judgment of divorce did exist and obtained a certified copy of the judgment of divorce from the Bravos District. Respondent never produced evidence that the telephone calls to Mexico were made or that the letters were sent. He never wrote to the Bravos District Court. In our opinion, the conclusion of Justice Coyle is fully warranted that respondent was guilty of professional misconduct in his failure to inquire with respect to the judgment of divorce from the Bravos Court and in his alleged efforts to ascertain the existence of the Mexican divorce decree.

In addition, Justice Coyle found that respondent was guilty of misconduct and manifested a disregard for orderly legal procedures and processes required of an attorney because of his failure to reply to any of the four complaints sent to him by the Grievance Committee of the Westchester County Bar Association, his failure to appear before the Committee at the hearings, and his failure to produce certain evidence at the hearings before Justice Coyle despite his promise so to do. In our opinion, these findings are also supported by the record.

Respondent has pleaded a course of harassment and prejudicial action against him by reason of his race. Although he was given ample opportunity to place in the record any proof he had in support of these allegations, he offered no such proof. In our opinion, these unsubstantiated allegations of racial prejudice are baseless and constitute a diversionary tactic designed to circumvent respondent's obligation as a member of the Bar to meet the specific charges preferred against him. Significantly, of the four complainants, three were members of his race and,

except for one of the charges, respondent offered no proof to contradict the allegations against him.

In determining the measure of discipline to be imposed because of respondent's guilt of the charges stated, it is noted that on June 20, 1966 respondent was publicly censured by this court predicated on a determination that certain actions on his part showed a complete lack of responsibility of his obligations as an attorney and that he was guilty of conduct tending to bring the profession into disrepute (26 A D 2d 568). Under the circumstances, it is our opinion that suspension from the practice of law for a period of two years is warranted. Accordingly, respondent should be suspended from the practice of law for a period of two years, commencing September 23, 1969.

RABIN, Acting P. J., HOPKINS, BENJAMIN, MUNDER and KLEINFELD, JJ., concur.

Petitioner's motion in the first proceeding denied and report confirmed; petitioner's motion in the second proceeding granted; report confirmed; and respondent suspended from the practice of law for two years commencing September 23, 1969.